IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

         Plaintiff,

vs.

Case No. 07-10076-01-JTM

KEVIN HINSON,

         Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the United States's Motion to Determine Conflict. The government seeks a determination that counsel for defendant Kevin Hinson is precluded from further representation in this matter by Kansas Rule of Responsibility 1.9(a), because he previously represented a government witness, Mac Pingry.

The Sixth Amendment guarantees a right to representation free from conflicts of interest. *Wood v. Georgia*, 450 U.S. 261, 271 (1981). An actual conflict of interest exists if the interests of the attorney and the defendant "diverge with respect to a material factual or legal issue or to a course of action." *Cuyler v. Sullivan*, 446 U.S. 335, 356 n. 3 (1980). "Prejudice is presumed only if the defendant demonstrates that counsel 'actively represented conflicting interests'...." *Strickland v. Washington*, 466 U.S. 668, 692 (1984).

> A court inquiring into the nature of a putative conflict should (i) advise the defendant of the dangers arising from the particular conflict and ascertain that he or she understands the risks involved, (ii) encourage the defendant to seek advice from independent counsel and provide time to digest and contemplate the risks, and (iii) secure a knowing waiver of the right to conflict-free counsel before proceeding.

*United States v. Malpiedi*, 62 F.3d 465, 468 n.2 (2nd Cir. 1995), *citing United States v. Curcio*, 680 F.2d 881 (2nd Cir. 1982).

The government cites the decision of the Tenth Circuit in *Church v. Sullivan*, 942 F.2d 1501, 1511 (10th Cir. 1991) in support of its contention that counsel for defendant has an actual conflict of interest. However, the court notes that in *Church* the court reached its conclusion that an actual conflict existed based upon the clear and substantial relationship between the cases, upon a showing that "the former representation was factually intertwined with the defendant's case." *Id.* at 1511. Further, the court noted in *Church* that the trial court had not made any inquiry into the existence or nature of the conflict. *Id.* at 1512.

In the present case, the court has separately interviewed *in camera* both defendant and Mr. Pingry. From the statements made during these inquiries, the court has determined that prior state charges against Pingry were not substantially related to the current federal charges. Further, the court finds that counsel's representation in the Pingry state action was extremely limited, that he negotiated a reduction of the state charges to petty theft and traffic infraction offenses, and did not otherwise act as counsel for Pingry. During that earlier representation, counsel obtained no other information from Pingry about any other matter.

The court finds no actual conflict of interest. The court has advised the defendant of the importance of independent counsel, and has encouraged him to seek outside representation. Finally, Hinson has submitted a written waiver of any potential conflict of interest.

IT IS ACCORDINGLY ORDERED this 11th day of October, 2007 that the government's Motion to Determine Conflict (Dkt. No. 24) is granted to the extent that the court makes the determination provided herein, and otherwise denied.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE
