IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
        Plaintiff,

vs.                                                No. 07-10076-JTM

KEVIN LYNN HINSON,
        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Kevin Hinson's Motion for Compassionate Release (Dkt. 101) under 18 U.S.C. § 3582. Hinson was sentenced to 240 months imprisonment in 2008 for conspiracy to distribute methamphetamine, distribution of methamphetamine, possession with intent to distribute methamphetamine, and use of a communication facility to commit a drug trafficking crime. Although Hinson pled guilty to the charged offenses, he subsequently raised repeated challenges to the conviction and sentence. The sentence was affirmed on direct appeal (Dkt. 62) in 2009, defendant's 2011 Motion to Vacate under 28 U.S.C. § 2255 was denied by this court (Dkt. 72) in a decision affirmed by the Tenth Circuit (Dkt. 82), and his 2015 Motion to Reduce Sentence citing a Sentencing Guideline Amendment was denied by this court (Dkt. 86) in another decision affirmed by the Tenth Circuit (Dkt. 95). In 2018, the Tenth Circuit denied Hinson's request for leave to file a successive § 2255 motion.

Under Section 3582, this court may authorize a reduction of sentence based on extraordinary and compelling reasons. Unlike other recent § 3582 motions presented to this court, which invoke either the dangers presented by the covid virus or the imposition of radically different statutory minimum penalties under the First Step Act, Hinson points to no compelling circumstances warranting modification of the sentence. His motion stresses (1) that he was allowed to remain on bond and to self-surrender following his conviction, (2) sentencing guidelines amendment arguments which were previously rejected by the court, and (3) that he wants to "make up for lost time as a father."

Traditionally, compassionate release under § 3582 was reserved for terminally or critically ill prisoners who had served a substantial portion of their sentence. *See* U.S.S.G. § 1B1.13. Hinson is 45 years old and cites no health problems. He makes no contention that the statutory scheme of punishment has been radically changed by the First Step Act or any other provision of law. After Hinson pled guilty, the court imposed a sentence appropriate to the offense. The mere repetition of previously rejected arguments against that sentence is the antithesis of "extraordinary and compelling," and the defendant's motion (Dkt. 101) is denied.

IT IS SO ORDERED this day of June, 2020.

J. Thomas Marten
J. Thomas Marten, Judge