IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
        Plaintiff,

vs.                                                                 No. 07-10076-JTM

KEVIN LYNN HINSON,
        Defendant.

MEMORANDUM AND ORDER

Defendant Kevin Hinson has moved for reconsideration of the court's recent Order (Dkt. 103), which denied his 18 U.S.C. § 3582 motion for compassionate release. The court found that Hinson's arguments, including his claim that his 2008 sentence was longer than what he would have received if sentenced today, did not justify the relief sought. *Id*. at 2. Reconsideration may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that

previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

Hinson's claim in the Motion to Reconsider (Dkt. 105) that the court did not address his sentencing Sentencing Amendment 782 "dispartie argument" is without merit. Hinson has made the Amendment 782 argument before (Dkt. 85) in the course of a 2015 motion under § 3582(c), and the court rejected the argument. (Dkt. 86). This decision was affirmed on appeal. (Dkt. 95). In its most recent order, the court held that "the repetition of previously rejected arguments," even in combination with other circumstances in the case, did not amount to the "extraordinary and compelling" circumstances required for relief under § 3582. Hinson's disparity argument rests on a non-retroactive amendment, and because the court "imposed a sentence appropriate to the offense" at the time of Judgment in 2008, Section 3582 offers no relief. (Dkt. 103, at 2). The present motion fails to present any good cause for reconsideration.

IT IS ACCORDINGLY ORDERED this day of July, 2020 that the defendant's Motion for Reconsideration (Dkt. 105) is hereby denied.


J. Thomas Marten
J. Thomas Marten, Judge